IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


DEBRA K. BAKER                                          PLAINTIFF


     v.                    Civil No. 07-5048


THE PROCTER & GAMBLE
COMPANY, LLC                                            DEFENDANT


## O R D E R

     NOW on this 4th day of April, 2008, in the above-referenced
matter, comes on for this Court's consideration Defendant The
Procter & Gamble Company, LLC's (hereinafter "Defendant") **Bill of
Costs** (document #31) and Plaintiff Debra Baker's (hereinafter
"Plaintiff") objections thereto (document #33).  The Court, being
well and sufficiently advised, finds and orders as follows:

     1.  Plaintiff's claims in this matter were resolved by
summary judgment in favor of Defendant on February 13, 2008.  On
February 22, 2008, Defendant filed a Bill of Costs.  It seeks
reimbursement in the sum of $205.00 for the service of subpoenas;
$2,753.37 for deposition transcripts; and $1,100.00 for witness
fees.  Plaintiff objects in part to these costs.

     2.  The taxation of costs is governed by 28 U.S.C. § 1920
and Rule 54 of the Federal Rules of Civil Procedure.  Rule 54(d)
states, in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party *unless the court otherwise directs*; ...

Fed. R. Civ. P. 54(d)(1) (emphasis added). It is within the discretion of the trial judge to allow or disallow costs. <u>Cox v. Maddux</u>, 285 F.Supp. 876 (E.D. Ark. 1968).

3. In Plaintiff's objections to Defendant's Bill of Costs, Plaintiff first disputes the $205.00 fee for the service of subpoenas upon Dr. William McCollum and Dr. Donna VanKirk for their deposition testimony. Specifically, Plaintiff states that her counsel arranged for the depositions of these witnesses. Thus, Plaintiff claims that there was no need for Defendant to subpoena these witnesses for deposition. Having considered Plaintiff's objections, the Court, in its discretion, does not find them to be persuasive. Compelling the attendance of witnesses for purposes of deposition testimony is clearly provided for under Federal Rules of Civil Procedure 30 and 45. Based on the information before it, the Court finds that the requested fees for service of subpoenas is appropriate and it will, therefore, grant the Bill of Costs with respect to these expenses.

Plaintiff next disputes the $500.00 fee sought by Defendant for video-taped copies of Plaintiff's deposition (in addition to

the $1,010.50 fee for the "paper" transcript of Plaintiff's deposition). Plaintiff argues that it was not reasonably necessary to record Plaintiff's deposition by video-tape in addition to the regular stenographically recorded transcript. The Court agrees with Plaintiff's objection and will not, therefore, tax this $500.00 expense to Plaintiff. Additionally, the Court will not tax costs for deposition transcripts which appear to be for duplicate copies.

Further, Plaintiff objects to the $1,100.00 in witness fees paid to Dr. McCollum and Dr. VanKirk for their deposition testimony. Specifically, Dr. McCollum was paid $500.00 as a one-day attendance fee and Dr. VanKirk was paid $600.00 as a one-day attendance fee. Plaintiff argues that, pursuant to 28 U.S.C. § 1821, witness fees are limited to $40.00 per day. See generally 28 U.S.C. § 1821. The Court agrees with Plaintiff and finds that Defendant should be paid $40.00 per witness, per day. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987) ("a federal court is bound by the limits of § 1821(b), absent contract or explicit statutory authority to the contrary").

4. In view of the foregoing, the Court, in the exercise of its discretion, finds that the following costs should be allowed to Defendant and paid by Plaintiff:

* $205.00 for the service of subpoenas;

* $2,072.35 for deposition transcripts; and

* $80.00 for witness fees.

Accordingly, the Court finds that Defendant's Bill of Costs should be granted in part and that Plaintiff should be ordered to pay fees and costs to Defendant in the total amount of **$2,357.35.**

**IT IS SO ORDERED.**

**/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

4